**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Donnie STIDHAM, Defendant-Appellant.**

**No. 13271.**

Missouri Court of Appeals,
Southern District,
Division One.

July 2, 1984.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Homer D. Wampler, III, Wampler & Wampler, Springfield, for defendant-appellant.

GREENE, Chief Judge.

Defendant, Donnie Stidham, was charged by information with defrauding a secured creditor in violation of § 570.180, RSMo 1978. The information charged that Stidham, on or about May 1, 1981, in Dallas County, Missouri, with purpose to defraud, transferred or concealed 90 head of mixed cows and 20 calves subject to a security interest, and that the amount remaining unpaid on the secured debt was at least $500. Stidham was jury-tried and convicted of the offense, and thereafter sentenced to six months in jail and a fine of $5,000, in accordance with the jury verdict. This appeal followed.

Stidham contends that the state did not make a submissible case. We agree, and reverse the trial court's judgment and sentence.

Viewed in the light most favorable to state, the evidence was that Stidham, a Dallas County cattle trader, would periodically borrow money from the Bank of Urbana to purchase cattle, hay, and feed. On November 21, 1979, Stidham and his wife, Joyce, since divorced, executed a promissory note in the amount of $33,000 payable to the Bank of Urbana. The note was to consolidate prior loans, and no cash was given to Stidham. The note was due 90 days after execution.

A security agreement executed the same time as the note specified as collateral "one hundred head of mixed cows and increase and fifty calves." These figures were sub-

sequently altered by a bank employee to read 90 head of mixed cows and 20 head of calves. There was no proof of how many cows and calves, if any, Stidham had on November 21, 1979. There was no proof that Stidham had a permanent herd on November 21, 1979, or at any time thereafter. There was proof that Stidham frequently bought and sold cattle with the bank's knowledge.

The note was extended on a number of occasions upon payment of interest due. Stidham and his wife were divorced in January of 1981. A $1,000 principal payment was made on March 28, 1981. On or about May 22, 1981, Stidham had told W.D. Vaughn, Executive Vice President of the Bank of Urbana, that he had about 50 pairs of cows and calves. On or about August 20, 1981, Vaughn attended a non support hearing in which Stidham was involved. Stidham testified that he only had five or six head of cattle on that date.

Upon learning that Stidham had no money and very few cows, and after failing to get a payment on the debt from Stidham, Vaughn went to the prosecuting attorney with a complaint, and the charge in question was filed. At trial, there was no proof that Stidham had any cows or calves on or about May 1, 1981, or any other time, or that he transferred or concealed, at that time, any cows or calves in which the bank had a security interest.

The legal elements of the charge here are 1) the existence of property subject to a security interest, 2) the transfer or concealment of such property by Stidham, with 3) an intent to defraud. The state was required to prove each and every one of those elements by competent and substantial evidence that shows guilt beyond a reasonable doubt. A conviction in absence of such evidence is a denial of due process of law. *State v. Letterman,* 603 S.W.2d 951, 952 (Mo.App.1980).

At its best, the state's case merely shows that the bank made loans to the defendant, that although a security agreement was executed to secure the final note, there was no proof that such security ever existed, and no proof that Stidham transferred or concealed any cattle in order to defraud the bank. The fact that defendant was unable to pay his debt certainly does not supply the missing essential elements of proof.

Judgment reversed.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.